IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Fox Salerno, | ) | No. CIV 05-1277 PHX-ROS (LOA) |
|     Petitioner, | ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| Dora Schriro, et al., | ) ) | |
|     Respondents. | ) ) ) | |

    This matter arises on Petitioner's Motion for Bail. (document # 9) Petitioner contends that the Court should release him from State custody because the State has delayed in responding to his Petition for Writ of Habeas Corpus and such delay has prejudiced Petitioner.

    "Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." Land v. Deeds, 878 F.2d 318 (9th Cir. 1989)(finding that petitioner failed to demonstrate that he was entitled to release.) See also, United States v. Mett, 41 F.3d 1281, 1282 (9th Cir. 1994)(holding that petitioners failed to demonstrate that their case involved "extraordinary circumstances" or a "high probability of success.")

    Here, Petitioner has not established a "high probability of success" in this matter. In an attempt to establish special circumstances, Petitioner contends that the State has delayed in this matter causing prejudice to Petitioner. Special circumstances include a "serious deterioration of health while incarcerated" or an "unusual delay in the appeal process." See, Mett, 41 F.3d at 1282 n.4. Special circumstances do not exist in this case. Petitioner filed his § 2254 Petition

1 on April 29, 2005. (document # 1) On May 27, 2005, the Court ordered that the Petition be
2 served on Respondents and that Respondents file an Answer within forty days of the date of
3 service. (document # 4) On June 10, 2005, service was made on Respondents. (document # 5)
4 Thereafter, Respondents filed a timely motion for extension of time to file an Answer which the
5 Court recently granted. Accordingly, Respondents Answer is now due September 1, 2005.
6 Petitioner has not shown that the extension of time will prejudice him in any way.

7 Because Petitioner has not established the existence of "special circumstances" or a "high
8 probability of success" his motion for bail fails.

9 Accordingly,

10 IT IS HEREBY RECOMMENDED that Petitioner's Motion for Bail (document # 9) be
11 **DENIED**.

12 This recommendation is not an order that is immediately appealable to the Ninth Circuit
13 Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
14 Procedure, should not be filed until entry of the District Court's judgment. The parties shall
15 have ten days from the date of service of a copy of this recommendation within which to file
16 specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
17 Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a
18 response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
19 Recommendation may result in the acceptance of the Report and Recommendation by the
20 District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
21 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate
22 Judge will be considered a waiver of a party's right to appellate review of the findings of fact
23 in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See,* Rule
24 72, Federal Rules of Civil Procedure.

25 DATED this 19th day of July, 2005.

Lawrence O. Anderson
United States Magistrate Judge

- 2 -