IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fox Salerno,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CIV 05-1277 PHX-ROS (LOA)<br><br>**REPORT AND RECOMMENDATION** |

   This matter arises on Petitioner's Motion to for Judgment by Default (document # 10). Petitioner requests that the Court grant his Petition for Writ of Habeas Corpus because Respondents failed to file an Answer to Petition within the allotted time. Recently, the Court granted Respondents an extension until September 1, 2005 to file a Response to the Petition. Accordingly, Petitioner's motion is premature because the answer is not yet due.

   Moreover, federal courts do not favor the use of default judgments to grant habeas relief without reaching the merits of the claims. See, Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981). Nevertheless, it is within the district court's discretion to enter default judgment for petitioner if the government's failure to respond creates excessive delay in the proceedings. See, Ruiz v. Cady, 660 F.2d 337, 341 (7th Cir.1981). At this point in the proceedings, that Court does not find that Respondents have created excessive delay. Because the Answer is not yet due and because Respondents have not caused excessive delay, the undersigned recommends that the motion for default judgment be denied.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Motion for Default Judgment (document # 10) be **DENIED** without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 19th day of July, 2005.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge