WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fox Joseph Salerno,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. 05-01277-PHX-ROS<br><br>**OPINION AND ORDER** |

    Pending before the Court are Petitioner Fox Joseph Salerno's Motion for Bail (Doc. # 9) and Motion for Default Judgment. Magistrate Judge Lawrence O. Anderson provided a Report and Recommendation ("R&R") regarding each motion. Magistrate Judge Anderson recommended that both motions be denied. Neither party filed objections to the R&Rs.

## BACKGROUND

    On April 29, 2005, Petitioner filed a Writ of Habeas Corpus. Respondents filed a request for additional time to answer the petition on July 13, 2005. (Doc. # 7) On July 15, 2005, Petitioner requested he be released on bail and that a default judgment be entered in his favor due to Respondents failure to file a timely answer. (Doc. # 9, 10) Magistrate Judge Anderson issued an R&R regarding each motion on July 19, 2005. Regarding the request for bail, the R&R stated that Petitioner had not "established the existence of 'special circumstances' or a 'high probability of success.'" (Doc. # 12) Thus, the Magistrate Judge

1 recommended that bail be denied. Regarding the request for a default judgment, the R&R
2 stated that the request was premature because the Respondents had recently been granted an
3 extension of time in which to file an answer to the petition. (Doc. # 13) Therefore, the
4 Magistrate Judge recommended that the Motion for Default Judgment also be denied.

## DISCUSSION

### A. Standard of Review

"Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000); see 28 U.S.C. § 636(b)(1) ("Within ten days after being served with a copy [of the R&R], any party may serve and file written objections . . . . [T]he court shall make a de novo determination *of those portions of the [R&R] to which objection is made*.") (emphasis added); Thomas v. Arn, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."). This is so because "[t]he filing of objections . . . enables the district judge to focus attention on those issues . . . that are at the heart of the parties' dispute." Thomas, 474 U.S. at 147. Indeed, it "would be an inefficient use of judicial resources" to "force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's [R&R]." Thomas, 474 U.S. at 148.

The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b). The decision of whether to issue a separate written opinion, however, is entirely within the district court's discretion. See Boniface v. Carlson, 881 F.2d 669, 672 (9th Cir. 1989) (affirming Arizona district court's decision to adopt magistrate's R&R without written opinion and stating: "Petitioner's . . . claim that the district court erred in adopting the magistrate's [R&R] without a written opinion is without merit since the necessity of a separate opinion is entirely within the discretion of the judge.").

**B. Request for Bail**

"Bail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." Land v. Deeds, 878 F.2d 318, 318-19 (9th Cir. 1989). The Ninth Circuit has specified that "[s]pecial circumstances include 'a serious deterioration of health while incarcerated, and unusual delay in the appeal process.'" United States v. Mett, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994) (quoting Salerno v. United States, 878 F.2d 317, 317 (9th Cir.1989)). As correctly observed by the Magistrate Judge, Petitioner failed to establish that special circumstances exist in his case or that there is a high probability his Petition will be successful. Therefore, Petitioner's request for bail will be denied.

**C. Request for Default Judgment**

Petitioner requests the Court enter default judgment due to Respondents' failure to file an answer to the Petition within the allotted time. Petitioner's request was apparently filed before he received Respondents' request for additional time and the Order granting the request. Thus, as observed by the Magistrate Judge, "Petitioner's motion [for default judgment] is premature" because Respondents obtained extensions of time in which to file their answer and timely filed their answer on November 1, 2005. Therefore, Petitioner's request for default judgment will be denied.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Anderson's Report & Recommendation (Doc. #12) is hereby **ADOPTED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Anderson's Report & Recommendation (Doc. #13) is hereby **ADOPTED**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Bail (Doc. # 9) is **DENIED**.

1  **IT IS FURTHER ORDERED** that Petitioner's Motion for Judgment by Default
2  (Doc. # 10) is **DENIED**.

4  DATED 12/12/05.

Roslyn O. Silver
United States District Judge