**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fox Joseph Salerno, | No. CV-05-01277-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Dora B Schriro, et al., | |
| Respondents. | |

On March 30, 2007, the Court issued an Order adopting a Report and Recommendation and denied Petitioner Fox Salerno's petition for writ of habeas corpus. (Doc. 64). As relevant here, that Order addressed and rejected Petitioner's arguments that his sentences from state court convictions were unlawful under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) or *Blakely v. Washington*, 542 U.S. 296 (2004). Less than a week later, Petitioner filed a motion for reconsideration. (Doc. 66). That motion presented additional arguments regarding what Petitioner viewed as "*Apprendi*/*Blakely*" errors in his sentences. (Doc. 66). The Court denied that motion on April 13, 2007. (Doc. 71). On November 7, 2007, the Ninth Circuit denied Petitioner's request for a certificate of appealability. (Doc. 73).

On September 24, 2022, Petitioner filed a "Motion to Re-Open Case." (Doc. 74). That motion argues Petitioner recently "came across [the] R&R and re-read it." (Doc. 74 at 2). In doing so, Petitioner realized his sentences violated the requirements of *Apprendi*, apparently in some way he did not articulate in his original petition or motion for

reconsideration. (Doc. 74 at 3). In his motion filed this year, Petitioner claims his sentence was "a miscarriage of justice, and a structural and fundamental error." (Doc. 74 at 1). Petitioner also claims the sentencing error meant the state trial court "did not have subject matter jurisdiction" and jurisdiction "cannot be waived and cannot be time barred." (Doc. 74 at 5). Respondents filed an opposition arguing Petitioner's motion is untimely, fails on its merits, and likely qualifies as a "second or successive" habeas petition that must be authorized by the Court of Appeals. (Doc. 80).

While unclear, Petitioner's "Motion to Re-Open Case" appears to be seeking relief pursuant to Federal Rule of Civil Procedure 60. (Doc. 74 at 5-6). Because of the statutory limitations on repetitive habeas litigation, the threshold issue is whether that motion should be viewed as a Rule 60 motion that may be heard by this Court or if Petitioner's motion should be viewed as a "second or successive habeas corpus application" that can only be heard by this Court after Petitioner obtains permission from the Court of Appeals. 28 U.S.C. § 2244(b)(1), (b)(3)(A).

A post-judgment filing purporting to be a Rule 60 motion actually is a "second or successive habeas corpus application" if it "seeks to add a new ground for relief or attacks the federal court's previous resolution of a claim *on the merits*." *Balbuena v. Sullivan*, 980 F.3d 619, 638 (9th Cir. 2020). Of special relevance here, a motion must be viewed as a "second or successive habeas corpus application" if it "argues a change in substantive law justifies relief from the previous denial of a claim." *Id.* Under this standard, Petitioner's motion is a "second or successive habeas corpus application" that cannot be heard absent permission from the Court of Appeals.

Petitioner's "Motion to Re-Open Case" makes clear he is attacking on the merits the denial of his habeas petition in 2007. According to Petitioner, the R&R issued in 2007, and subsequently adopted by the Court, "incorrectly concluded" his state court sentences were permissible. (Doc. 74 at 4). Petitioner's motion also states, at the time Petitioner filed his habeas petition in 2005, "*Apprendi* was still being hashed out and the defining case laws came out in 2006 & 2007." (Doc. 74 at 2). In effect, Petitioner argues there have

been changes in the governing law since 2007 such that he is now entitled to relief. Arguing the merits of the previous denial, and claiming subsequent legal developments mean he is now entitled to relief, establish Petitioner's "Motion to Re-Open Case" qualifies as a second or successive habeas corpus application. That motion, therefore, cannot be heard without permission from the Court of Appeals. 28 U.S.C. § 2244(b)(1).

Finally, a certificate of appealability "is required in order to appeal the denial of a Rule 60(b) motion for relief from a district court's judgment denying federal habeas relief." *Martinez v. Shinn*, 33 F.4th 1254, 1261 (9th Cir. 2022). Petitioner's motion is not, in fact, a proper Rule 60 motion. But even if so construed, the motion does not present any plausible basis for relief. Therefore, jurists of reason would not "find it debatable whether the [Court] abused its discretion in denying" Petitioner's Rule 60 motion. *Id.* No certificate of appealability will be issued.

Accordingly,

**IT IS ORDERED** the Motion to Reopen Case (Doc. 74) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED**.

Dated this 15th day of November, 2022.

Honorable Roslyn O. Silver
Senior United States District Judge